IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
MARK ANTHONY,                    )
                                 )   2:02-cv-01899-GEB-GGH-P
             Plaintiff,          )
                                 )   SUPPLEMENT TO PRETRIAL ORDER
     v.                          )
                                 )
DEPUTY TODD HENRY,*              )
                                 )
             Defendant.          )
_____)
```

       At the trial confirmation hearing held in this action on September 16, 2005, the trial was continued to Tuesday, January 24, 2006. Trial will commence at 9:00 a.m. each day on Tuesday, Wednesday, and Thursday and will adjourn for the evening around 4:30 p.m. During the trial confirmation hearing, the following rulings were issued to supplement the Pretrial Order filed April 20, 2005, and amended May 4, 2005:

       1.   The judge will ask all voir dire questions. The voir dire questions the judge will ask are attached. Any additions or modifications shall be filed no later than December 23, 2005. During

---

\*   The caption is amended to reflect that Deputy Todd Henry is the sole remaining Defendant since Defendants Sacramento County Sheriff's Department and Sheriff Lou Blanas were not named in the Amended Complaint filed September 16, 2002.

1

voir dire the judge will ask, "Does a party have additional input?" If a party responds "yes," that party shall give the Courtroom Deputy that party's written question or questions.

    2.    The attached "Query re Excuse Potential Jurors" document and "Strike Sheet" were discussed at the trial confirmation hearing and will be used during jury selection.

    3.    Defendant's counsel agreed that Defendant acted under color of state law and that this element is eliminated as a trial issue.[1]

    4.    The issue whether Plaintiff will appear at trial with leg restraints under his clothing that are shielded from a juror's view by vanity drapes which will be placed on counsel tables in the courtroom will be decided later.

    5.    Eight jurors will be selected by the method explained at the trial confirmation hearing.

    6.    Each side's opening statement may not exceed 10 minutes; each side's closing argument may not exceed 60 minutes.

    7.    If Plaintiff elects to testify, he will testify from the witness box.

IT IS SO ORDERED.

Dated:  September 20, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] Plaintiff did not appear to understand that elimination of this issue does not have a negative affect on his claim against Defendant.

2

```
                   IN THE UNITED STATES DISTRICT COURT

                 FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY,                      )
                                   )   2:02-cv-01899-GEB-GGH-P
               Plaintiff,          )
                                   )
     v.                            )   INTRODUCTION AND VOIR DIRE
                                   )
DEPUTY TODD HENRY,                 )
                                   )
               Defendant.          )
                                   )
```

Good morning, and welcome to the United States District Court. Thank you for both your presence and your anticipated cooperation in the questioning process we are about to begin. You are performing an important function in our legal system.

The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy is Shani Furstenau. She is on the platform below me on my left side. Next to her is the Certified Court Reporter, Kimberly Watkins.

We are about to begin what is known as voir dire. The purpose of voir dire is to have each of you disclose any feelings, bias, and prejudice against or in favor of any party, so that we can ascertain which of you can fairly sit as a juror in this particular

1

case. Voir dire consists of questions designed to tell the parties some general things about each prospective juror, and to provide the parties with information about whether a prospective juror should be a juror in this case. It allows the parties to exercise more intelligently their peremptory challenges. A peremptory challenge is a request by a party to excuse a juror. The parties will exercise their peremptory challenges after the questioning is complete. In addition, voir dire enables the Court to determine whether any prospective juror should be excused for cause. Challenges for cause permit rejection of a prospective juror for a legal basis.

 1.  Ms. Furstenau, please administer the oath to the panel.

 2.  The Jury Administrator has already randomly selected potential jurors and placed their names on a sheet that has been provided to each party. The names are listed in the numerical sequence in which they were randomly selected, and each juror has been placed in his or her randomly-selected seat.

 3.  I will ask a series of questions to the jurors as a group. If you have a response, please raise your hand or the number you've been given, which reflects your seat number. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, with the juror in the lowest numbered seat first. If no juror raises his or her hand, I will simply state "no response" for the record and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your name by

first stating your last name, then your seat number, and lastly your response.  That should expedite the process.

     4.   The parties estimate that it will take four days for them to present the evidence to you, after which they will give you closing arguments.  After closing arguments, I will give you closing jury instructions and you will begin your deliberations.  Because I handle criminal matters on Fridays and other civil matters on Mondays, we will only be in trial three days a week: Tuesday, Wednesday, and Thursday.  On the days we are in trial, we will begin at 9:00 a.m. and usually end around 4:30 p.m.  As soon as you commence jury deliberations, you will be expected to deliberate as necessary during these hours, including Mondays and Fridays, but not on the weekends, until you complete your deliberations.  Will any of you find it difficult or impossible to participate in this trial during these times?

     5.   The parties may now introduce themselves and name the witnesses they anticipate calling.

     Do you know any of the named individuals, or any of the potential witnesses, or ever had any business or other dealings with any person just named?

     6.   Is there any member of the panel who has any special disability or problem that would make it difficult or impossible for that person to serve as a member of this jury?

     7.   I will now state the allegations involved in this case to provide you with information about this lawsuit.

Plaintiff alleges that on June 29, 2002, Defendant Henry used excessive force by punching Plaintiff in the face and by improperly spraying mace in his face.  Defendant denies these allegations.

8. Is there anything about the allegations in this lawsuit that causes any potential juror to prefer not serving as a juror in this type of case?

9. Do you have any belief or feeling which could interfere with your ability to be a fair and impartial juror in this case?

10. Have you ever served as a juror in a criminal or a civil case, either in federal or state court?

   i. Please state the nature of the case and, without stating the result reached, state whether the jury reached a verdict.

11. During the trial, each of you will have to determine which witnesses are telling the truth.  Please raise your hand if you are unwilling or not comfortable judging a witness' credibility and making this kind of decision.

12. Plaintiff will present his case first.  Only after Plaintiff has presented his case will Defendant have an opportunity to present his side of the case.  Please raise your hand if you can not agree to keep an open mind and make no decisions about the evidence until after all the evidence has been presented by both sides and I have instructed you regarding the law in this case.

13. It is important that I have your assurance that you will, without reservation, follow my instructions and rulings on the law.

To put it somewhat differently, whether you approve or disapprove of the court's rulings or instructions, it is your solemn duty to accept as correct these statements of the law.  You may not substitute your own idea of what you think the law ought to be.  Please indicate by raising your hand if you will not be able to follow the law as given to you by me in this case.

     14.  Is there any reason why you could not be fair to both sides in this case?

     15.  My deputy clerk will give juror number 1 a sheet on which there are questions that I want each of you to answer.  Please pass the sheet to the juror next to you after you answer the questions.

         (a)   Name

         (b)   Age

         (c)   Educational background

         (d)   Your marital status

         (e)   Present and former occupations for you and your spouse and/or the most significant person in your life

         (f)   Part of the state in which you live

         (g)   Ages and occupations of children

## Query re Excuse Potential Juror

Do you Agree that Juror No. _____ should be excused for the reason stated by the juror or for any other reason?  (Check applicable box below)

|  | Plaintiff | Defendant's Attorney |
|---|---|---|
| RESPONSE: | ☐ ☐ | ☐ ☐ |
|  | Yes    No | Yes    No |

STRIKE SHEET

Plaintiff    1_____          Defendant   1_____

             2_____                      2_____

             3_____                      3_____